[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10607

_____

LESTER JAMES SMITH, JR.,

Plaintiff-Appellant,

*versus*

D/W/S DEWBERRY,
CAPT. SHROPSHIRE,
UNIT MANAGER AVERETT,
INMATE MYTON,
GUARD PIERRE, et al.,

Defendants-Appellees.

———————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 4:16-cv-00293-LMM

———————————————

Before GRANT, LUCK, and HULL, Circuit Judges.

HULL, Circuit Judge:

On appeal, plaintiff Lester Smith, a Georgia prisoner, contends the district court erred in granting summary judgment in favor of defendants Anthony Dewberry, Ralph Shropshire, and William Averett, all officials at Hays State Prison, on his claims for: (1) failure to protect him from a knife attack by inmate Myton, in violation of the Eighth Amendment; and (2) retaliation in violation of the First Amendment. The magistrate judge recommended granting summary judgment and informed Smith of the time period for objecting to the report and recommendation ("R&R") and the consequences for failing to object. After Smith filed no objections, the district court adopted the R&R and granted summary judgment to the defendants.

A party waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions in a magistrate judge's R&R. 11th Cir. R. 3-1. In the absence of a proper objection, however, this Court "may review on appeal for plain error if necessary in the interests of justice." *Id.* After review

21-10607                  Opinion of the Court                        3

and with the benefit of oral argument, we conclude review for plain error is necessary in the interests of justice.[1]  While Smith has not shown plain error as to his First Amendment retaliation claim, he has as to his Eighth Amendment failure-to-protect claim.

As to the Eighth Amendment claim, the R&R adopted by the district court emphasized that two hours before Myton attacked him, Smith told defendants Dewberry and Averett that "Myton posed a threat to Muslim inmates" and that the defendants "d[id] not recall any conversations with [Smith] about Myton or [Smith's] safety."    However, the summary judgment record contains Smith's explicit deposition testimony that: (1) he told Dewberry and Averett about Myton's having and displaying a knife and threatening to hurt Smith specifically, plus inmate Simmons and one other inmate, not Muslim inmates in the dorm generally; and (2) they did nothing.  Two hours later on the same day, Myton stabbed Smith with a knife.  It is well-settled that the district court on summary judgment must view the evidence and draw all

---

[1] In his notice of appeal, Smith alleged that he timely filed objections to the R&R, but the district court never received them.  Then Smith's opening brief (1) cited our Rule 3-1, (2) expressly pointed out that, when a party fails to file objections to the R&R, we may "review for plain error if necessary in the interests of justice," and (3) argued that the district court had committed plain error in ruling on the defendants' summary judgment motion.  In response to the defendants' assertion that Rule 3-1's interests of justice exception should not apply, Smith's reply brief argued the interests of justice warranted plain error review.  In our view, Smith adequately requested plain error review under Rule 3-1's interests of justice exception.

4                    Opinion of the Court                    21-10607

reasonable inferences in the light most favorable to the non-moving party.  *See Marbury v. Warden*, 936 F.3d 1227, 1232 (11th Cir. 2019).  The district court did not do that here.[2]

Accordingly, we vacate the district court's entry of summary judgment to Dewberry and Averett on Smith's Eighth Amendment failure-to-protect claim and remand for the district court to reconsider this claim, considering the record in the light most favorable to Smith.  We affirm the district court's entry of summary judgment (1) to Shropshire because he was unaware of

---

[2] Under Northern District of Georgia Local Rule 56.1, where, as here, the non-moving party has failed to properly respond to the moving party's statement of undisputed material facts, the district court may deem those facts admitted. *See* N.D. Ga. Local Rule 56.1(B)(2)(a)(1)-(2).  However, before granting summary judgment, the district court also "must ensure that the motion itself is supported by evidentiary materials" by "review[ing] the movant's citations to the record to determine if there is, indeed, no genuine issue of material fact." *Reese v. Herbert*, 527 F.3d 1253, 1269 (11th Cir. 2008).

Here the defendants' citations to the record plainly did not support their statement of fact in paragraph 22 that Smith told them only that Myton was threatening to hurt "some of my Muslim brothers."  Rather, the record pages the defendants cited showed that Smith told Dewberry and Averett about Myton's having and displaying a knife and threatening to hurt Smith specifically.  What's more, the defendants did not deny Smith's version of what he told them but said they did not recall "any conversations with Smith regarding Myton, threats from Myton, or concerns for Smith's safety prior to the Incident."

21-10607                Opinion of the Court                              5

Myton's threat to Smith, and (2) to all defendants on Smith's First Amendment retaliation claim.[3]

     **AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

---

[3] The district court never addressed qualified immunity, and we decline to do so in the first instance. We also conclude the district court did not abuse its discretion in denying Smith's motions to appoint counsel. *See Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999).

21-10607 LUCK, J., Concurring in part and dissenting in part    1

LUCK, Circuit Judge, concurring in part and dissenting in part:

I agree with the majority opinion that the district court did not err in granting summary judgment for the prison officials on Lester Smith's First Amendment retaliation claim and did not abuse its discretion in denying Smith's motions to appoint counsel. But I respectfully dissent from the part of the majority opinion reversing the summary judgment for the prison officials on Smith's Eighth Amendment failure-to-protect claim. Smith waived his right to challenge on appeal the summary judgment on this claim because he didn't object to the factual and legal conclusions in the magistrate judge's report and recommendation. *See* 11th Cir. R. 3-1 ("A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object."); *Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1257 (11th Cir. 2017) ("Pursuant to 11th Cir. R. 3-1, a party who fails to object to a magistrate judge's findings or recommendations in an R&R 'waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions,' provided the party was given proper notice of the objection time period and the consequences of failing to do so, as was the case here."), *abrogated on other grounds by Bostock v. Clayton County*, 140 S. Ct. 1731 (2020).

2  Luck, J., Concurring in part and dissenting in part    21-10607

There's a "rarely" applied exception to our waiver rule where, "if necessary in the interests of justice," we will review a waived objection for plain error. *See* 11th Cir. R. 3-1 ("In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."); *Evans*, 850 F.3d at 1257 ("Consequently, we will only review a waived objection, for plain error, if necessary in the interests of justice. Review for plain error rarely applies in civil cases." (citation and quotation omitted)). But the rare exception doesn't apply here because Smith didn't argue in his initial brief that reviewing his waived objections was necessary and in the interests of justice. "We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority," *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014), as Smith did in the one-sentence-drive-by in the standard of review section of his brief. And "mak[ing] some arguments and cit[ing] some authorities in [his] reply brief . . . come[s] too late." *Id.* at 683. In any event, like in *Evans*, review is not necessary and in the interests of justice. *See Evans*, 850 F.3d at 1250–52, 1257–58 (refusing to apply the rare exception to the plaintiff's retaliation claim even though she was denied equal work and pay, harassed, and physically assaulted and battered because of her gender nonconformity and sexual orientation and even though an amicus brief timely raised objections to dismissing the retaliation claim and the objections were before the district court).

21-10607 Luck, J., Concurring in part and dissenting in part    3

Even if the rare exception applied, Smith has not met the heightened civil plain error standard. *See id.* at 1257 (Even when plain error review applies to a waived objection, "we require a greater showing of error than in criminal appeals."). "Under the civil plain error standard, we will consider an issue not raised in the district court if it involves a pure question of law, and if refusal to consider it would result in a miscarriage of justice." *Burch v. P.J. Cheese, Inc.*, 861 F.3d 1338, 1352 (11th Cir. 2017) (quotation omitted).

First, there was no procedural error. The district court reviewed the record as we directed it do when a party doesn't comply with Northern District of Georgia local rule 56.1—it reviewed the summary judgment movant's "citations to the record to determine if there is, indeed, no genuine issue of material fact." *See Reese v. Herbert*, 527 F.3d 1253, 1269 (11th Cir. 2008) ("[A]fter deeming the movant's statement of undisputed facts to be admitted pursuant to Local Rule 56.1, the district court must then review the movant's citations to the record to determine if there is, indeed, no genuine issue of material fact." (quotation omitted)). We know the district court complied with *Reese* and reviewed the citations to the record because the district court told us that it determined the prison officials' record citations supported the admitted facts. Second, Smith's Eighth Amendment claim does not involve a pure question of law—as the majority opinion explains, there's a factual dispute about what happened. And third, refusing to consider Smith's failure-to-protect claim will not result in a miscarriage of justice.

4  LUCK, J., Concurring in part and dissenting in part     21-10607

Smith cannot show that any violation of his Eighth Amendment rights was clearly established as he was required to do to overcome the prison officials' qualified immunity.  It cannot be a miscarriage of justice to grant summary judgment on a claim to which the prison officials are immune.

I would affirm the summary judgment for the prison officials on Smith's Eighth Amendment failure-to-protect claim.